UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CR-343 CEJ |
| ) | |
| DAMIEN MORGAN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Thomas C. Mummert, III, for determination and recommended disposition, where appropriate. On March 3, 2015, Judge Mummert issued a Memorandum and a Report and Recommendation with respect to the motion filed by defendant Damien Morgan to suppress evidence and statements. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motions be denied and the United States filed a response.

Pursuant to 28 U.S.C. § 636(b)(1), the Court must review *de novo* the findings and conclusions of the magistrate judge to which objections are made. Having done so, the Court concludes that the factual findings made by the magistrate judge are supported by the evidence and his legal conclusions are correct.

**I.** **Discussion**

    **A.** **Search Warrant for Electronic Media and Equipment**

On October 18, 2013, St. Louis police officers obtained a warrant to search the computer and related electronic devices located at defendant's apartment for evidence relating to child pornography. In the affidavit in support of the search warrant application, Detective Michael Spreck recited in detail the undercover Internet investigation conducted on August 4, 2013, which led to the discovery of an Internet Protocol (IP) address for a computer involved in sharing images of child pornography. The affidavit further describes how the police determined that the IP address was assigned to the defendant on August 4 and that it was still active on October 3, 2013. Additionally, Det. Spreck described his training and experience in investigating computer crimes involving child pornography and wrote:

> Affiant knows from training and experience that some people who collect child pornography tend to keep the images they get for extended periods of time and do not delete the images. They tend to regard the images as trophies and use them for sexual gratification. They also use them as bargaining tools when trading with others.

The search warrant was executed on October 23, 2013.

### 1. Timeliness

The defendant first objects to the magistrate judge's conclusion that the information in the affidavit established probable cause for the issuance of the search warrant. Specifically, defendant contends that the information pertaining to the child pornography investigation was "stale," and, consequently, did not establish probable cause. Based on the nature of the crime being investigated and Det. Spreck's experience as set forth in the affidavit, there was a fair probability that child pornography could still be found on the defendant's computer two months after it was downloaded. See United States v. Smith, 266 F.3d 902, 904-05 (8th

Cir. 2001) ("The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation."). See also Illinois v. Gates, 462 U.S. 213, 238 (1983) (probable cause to search exists where there is "a fair probability that contraband or evidence of a crime will be found in a particular place.").

### 2. Scope of warrant

The defendant next argues that the police exceeded the scope of the warrant by searching areas and seizing items not described in the warrant. The warrant authorized the police to search for electronic devices, electronic media, and related equipment and documents in which evidence of child pornography could be found. The items the police were authorized to look for were of a type that could be found in the areas they searched. See United States v. Romo-Corrales, 592 F.3d 915, 920 (8th Cir. 2010) (scope of search warrant not exceeded by search of all areas where items listed in the warrant might be found). The police did not exceed the scope of the warrant by searching the defendant's mailbox and safe. See United States v. Johnson, 709 F.2d 515, 516 (8th Cir. 1983) ("A search warrant authorizing the search of defined premises also authorizes the search of containers found on that premises which reasonably might conceal items listed in the warrant.").

Finally, the government represents to the Court that no web-based email accounts were accessed by the police and no evidence of emails sent to or from any webmail address will be offered at trial. Therefore, defendant's assertion that such evidence should be suppressed is moot.

### B. **Search of the Defendant**

The testimony establishes that Det. Spreck knew there was an outstanding arrest warrant for the defendant before the search warrant was executed. As a result, the defendant was arrested and searched when the police arrived at his apartment. That search yielded a key, which was used to open the apartment door, and a cell phone for which a search warrant was later obtained.[1] The police may conduct a warrantless search of a defendant for weapons and evidence when the search is incident to a valid arrest. United States v. Robinson, 414 U.S. 218, 235 (1973). The defendant's evidence that a record check revealing the outstanding warrant was performed by a different officer two hours after the arrest does not contradict Det. Spreck's testimony. Additionally, the evidence establishes that the police did not search the defendant's cell phone before obtaining a search warrant. *See* Riley v. California, ___U.S.___, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014) (search incident to arrest exception does not excuse police from obtaining warrant to search contents of an arrestee's cell phone).

After he was taken to the police station, the defendant agreed to the officers' request that he raise his shirtsleeve and allow them to photograph the tattoos on his arm. The request was prompted by the officers' observation of a man's tattooed arm in one of the child pornography images found on defendant's computer. Clearly there was a reasonable basis for the request. Also, the scope of the examination was minimal, as defendant was asked only to raise his sleeve and reveal a portion of his arm. The examination took place in an office within the police station and there is no evidence that defendant was coerced. Taking all

---

[1] The defendant contends that a thumb drive was also seized from him. The government states that it has no record of this item and, in any event, does not intend to offer it into evidence at trial.

these factors into account, the Court concludes that no Fourth Amendment violation occurred. Schmidt v. City of Bella Villa, 557 F.3d 564, 572-73 (8th Cir. 2009) (after balancing factors set out in Bell v. Wolfish, 441 U.S. 520 (1979), court concluded there was no Fourth Amendment violation where suspect was required to fold down top of her pants to allow police to photograph her tattoo).

The evidence seized pursuant to the search of the defendant will not be suppressed.

### C. Subsequent search warrants

After executing the first search warrant, the police obtained two additional warrants to search the defendant's apartment, a warrant to search his cell phone, and a warrant allowing the police to obtain buccal swabs for DNA testing. The defendant argues that because these subsequent warrants were derived from the original search warrant, the evidence obtained should be suppressed as fruit of the poisonous tree. *See*, Wong Sun v. United States, 371 U.S. 471 (1963). The Court has reviewed the first search warrant issued on October 23, 2013, and finds that it contains sufficient reliable information to establish probable cause. Illinois v. Gates, 462 U.S. at 238. The subsequent search warrants were not rendered invalid because they were issued based on evidence derived from the first search. Therefore, the evidence seized pursuant to the four subsequent warrants will not be suppressed.

### D. Statements by defendant

The evidence establishes that the defendant was given the Miranda warnings at the time of his arrest and again at the police station. Miranda v. Arizona, 384

U.S. 436 (1966). The defendant acknowledged that he understood the warnings, and no threats or coercion of any kind was used to induce the defendant to make statements. When the police told him about the child pornography found on his computer, the defendant made incriminating statements. These statements were made voluntarily and will not be suppressed. The defendant then asked for an attorney, at which point the officers ceased asking questions.

The statements defendant made after invoking his right to counsel also will not be suppressed. Questions asked about an arrestee's background during the booking process do not constitute the kind of interrogation that is governed by <u>Miranda</u>. <u>Pennsylvania v. Muniz</u>, 496 U.S. 582 (1990). Thus, in <u>United States v. McLaughlin</u>, 777 F.2d 388 (8th Cir. 1985), the court wrote:

> A request for routine information necessary for basic identification purposes is not interrogation under *Miranda,* even if the information turns out to be incriminating. Only if the government agent should reasonably be aware that the information sought, while merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged, will the question be subject to scrutiny.

<u>Id</u>. at 391-92.

The question asked by Detective Wilferd about medications was clearly relevant to determining the defendant's medical needs while in custody. However, it was not directly relevant to the child pornography charge. Indeed, given the child pornography images found on defendant's computer, information about any medication he was taking was unnecessary to establish probable cause for his arrest. *See* <u>United States v. Brown</u>, 101 F.3d 1272, 1274 (8th Cir. 1996). Further,

the evidence shows that Det. Wilferd was not aware that searches had been made on defendant's computer for an anti-depressant medication.

Additionally, the defendant's statement to Det. Wilferd that he needed to see his psychiatrist was made spontaneously and not in response to interrogation. As such, it will not be suppressed. Butzin v. Wood, 886 F.2d 1016, 1018 (8th Cir. 1989) (statements made by a suspect on his own initiative do not trigger Miranda). Likewise, the defendant's response to Det. Wilferd's question about why he needed a psychiatrist will not be suppressed. The question was simply a request for clarification of the defendant's previous statement and did not implicate Miranda. Id.

Finally, the police did not violate the defendant's rights by not recording the interrogation pursuant to RSMo § 590.700.2. Even if such a recording was required, the statute clearly states that "[n]othing in this section shall be construed as a ground to exclude evidence, and a violation of this section shall not have impact other than that provided for in subsection 5 [authorizing withholding of funds from a law enforcement agency] of this section." Thus, the statute does not confer any substantive rights, and does not create a basis for suppression.

\* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [Doc. # 41] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion of defendant Damien Morgan to suppress evidence and statements [Doc. # 29] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March 2015.